# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 2:25-mj-593 |
| ARMANDO OLVERA-RAMIREZ | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October 18, 2025** in the county of **Guernsey** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(5) & 924(a)(8) | Prohibited possession of a firearm and ammunition by an alien |
| 8 U.S.C. 1326(a)(1) | Illegal reentry of an alien removed |

This criminal complaint is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

*Bianca Ragone*
Complainant's signature

BIANCA RAGONE, SA HSI
Printed name and title

Sworn to before me and signed in my presence.
Via FaceTime

Date: October 27, 2025

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bianca Ragone, a Special Agent with Homeland Security Investigations, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of Homeland Security Investigations (HSI), assigned to the Office of the Assistant Special Agent in Charge, Columbus, Ohio since September 2019. During my tenure as a Special Agent, I have completed the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received training that included drug smuggling, firearms trafficking, immigration, and other violations of federal law. I am currently based out of the Guernsey County Sheriff's Office (GCSO), and I am responsible for enforcing federal law in the Southern District of Ohio. Moreover, I am a federal law enforcement officer who is responsible for enforcing federal criminal laws, including violations of 18 U.S.C. § 922(g)(5) and 8 U.S.C § 1326, and I am authorized by law to request a criminal complaint.

2. I make this affidavit in support of a criminal complaint for:

   a. **Armando Olvera-RAMIREZ (Olvera-RAMIREZ) a/k/a Ricardo TORRES-COLON, Armando OLVERA RAMIREZ, Armando RAMIREZ, Armando OLVERA, Arturo OLVERA-RAMIREZ, Arturo OLVERA RAMIREZ, Armando Olvera RAMIREZ, Arturo Olvera RAMIREZ, Armando Ramirez OLVERA, Arturo Ramirez OLVERA** for violations of Title 18 United States Code, Section 922(g)(5), Possession of a Firearm by an Illegal Alien and Title 8 United States Code, Section 1326, Illegal Reentry of an Alien Removed;

Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, your affiant did not include each and every fact known concerning this investigation. Your affiant did not withhold any information or evidence that would negate probable cause. The statements contained in this affidavit are based in part on information and analysis provided by law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, interview(s); and my experience, training and background as a Special Agent. Your affiant set forth only the facts that are believed to be necessary to establish probable cause that **Olvera-RAMIREZ** committed the violations listed above.

## PROBABLE CAUSE – OSHP TRAFFIC STOP

3. On or about October 18, 2025, the Ohio State Highway Patrol Trooper (Trp.) Jonah Carson (Carson) was dispatched to a single vehicle crash on State Route 209 in Cambridge, OH. Once Trp. Carson arrived on scene, he observed that a 2024 Chevrolet 3500 bearing Ohio license plate "PLW6338" had struck a guardrail.

4. The driver and only occupant of the vehicle was identified as **Olvera-RAMIREZ** via a Mexican Consular Identification Card. **Olvera-RAMIREZ** was unable to provide any citizenship information for the United States.

5. While speaking with **Olvera-RAMIREZ**, Trp. Carson observed him to have red eyes and smelled a strong odor of an alcoholic beverage coming from his breath. **Olvera-RAMIREZ** admitted to consuming alcohol prior to the crash and admitted that the crash was due to his alcohol consumption.

6. Trp. Carson conducted the Standardized Field Sobriety Tests (SFST's) on **Olvera-RAMIREZ** to which he failed. **Olvera-RAMIREZ** was arrested on Operating a Motor Vehicle While Impaired (OVI) charges.

7. An inventory search of the above-mentioned vehicle was conducted as it was to be towed to which revealed the following:
    a. A loaded black and grey double shot Derringer firearm, .38 caliber Model CB38 CAL 38 SPCL bearing serial number CT197611 in the center console.
    b. Two rounds of Blazer .38 SPL ammunition from the above-mentioned firearm.
    c. A small bag of pills, most of which were identified as Viagra and Cialis. However, several were unidentified and differed in appearance from the identified pills.

8. After being Mirandized, **Olvera-RAMIREZ** admitted he purchased the firearm for $100 from "some black guy in Columbus on the street" for safety. Additionally, he admitted he knew he was not allowed to have a firearm.

9. **Olvera-RAMIREZ** was transported to the OSHP Cambridge Post and consented to a breath test that resulted in a .134 Blood Alcohol Content (BAC).

10. On or about October 20, 2025, OSHP contacted your affiant regarding **Olvera-RAMIREZ,** and he was determined to be illegally present in the United States.

11. Your affiant confirmed via ATF SA Teresa Petit that the aforementioned firearms and ammunition seized from the vehicle were not manufactured in the State of Ohio and therefore had previously traveled in and affected interstate or foreign commerce to have been possessed in the state of Ohio by **Olvera-RAMIREZ**.

## **CRIMINAL & IMMIGRATION HISTORY**

12. A search of immigration databases and a criminal history search revealed the following information on **Olvera-RAMIREZ**.

    a. On or about November 30, 1995, under the alias **Arturo Olvera-RAMIREZ**, he was arrested in California for Fraud Use of a Telephone/telegraph Over $400, disposition unknown.

    b. On or about August 13, 1996, **Olvera-RAMIREZ** was arrested in Columbus, OH for driving without a valid driver's license and taillight/license plate light out. **Olvera-RAMIREZ** was found guilty and ordered to pay traffic fines.

    c. On or about December 6, 1999, **Olvera-RAMIREZ** was arrested by Westerville Police Department in OH for Possession of a Fake Driver's License and Social Security Card, disposition unknown.

    d. On or about December 7, 1999, **Olvera-RAMIREZ** was encountered by Immigration Officers in Columbus, OH. **Olvera-RAMIREZ** was charged with Section 212(a)(6)(A)(i) of the Immigration and Nationality Act and was served form I-220A and released on his own recognizance.

    e. On or about October 29, 2002, an Immigration Judge ordered **Olvera-RAMIREZ** to voluntary depart the United States by December 30, 2002.

    f. On or about March 2, 2003, **Olvera-RAMIREZ** was ordered removed due to him not voluntarily departing the United States.

    g. On or about October 15, 2003, **Olvera-RAMIREZ** was arrested by Columbus Police Department in OH for Loitering/Soliciting. **Olvera-RAMIREZ** pled guilty to an amended soliciting charge and was ordered to pay fines.

    h. On or about February 13, 2007 (related to his 1999 case,), **Olvera-RAMIREZ** was located and removed from the United States via the Hidalgo, TX POE.

    i. On or about December 5, 2008, **Olvera-RAMIREZ** was encountered by Immigration Officers in Columbus, OH. Olvera-RAMIREZ's prior order of removal was reinstated, and he was charged with Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. On or about December 9, 2008, **Olvera-RAMIREZ** was removed from the United States via the Harlingen, TX POE.

    j. On or about November 15, 2012, **Olvera-RAMIREZ** was encountered by Immigration Officers in Columbus, OH. Olvera-RAMIREZ's prior order of removal was reinstated, and he was charged with Section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act. On or about November 20, 2012, **Olvera-RAMIREZ** was removed from the United States via ICE air.

13. As set forth above, on or about October 18, 2025, law enforcement officers encountered **Olvera-RAMIREZ** in Cambridge, Ohio.  As of that date, **Olvera-RAMIREZ** had not applied for permission to reenter the United States and/or applied for proper immigration status from either the Attorney General of the United States or the Secretary of the Department of Homeland Security.

**CONCLUSION**

14. Based on the foregoing, I submit that there is probable cause to believe that on or about the above date, in the Southern District of Ohio, **Armando Olvera-RAMIREZ**, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess one or more firearms, to wit: a loaded black and grey double shot Derringer firearm, .38 caliber Model CB38 CAL 38 SPCL bearing serial number CT197611 and two rounds of Blazer .38 SPL ammunition from the above-mentioned firearm, said firearms and ammunition having previously been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8).

15. Based on the foregoing, I further submit that there is probable cause to believe that on or about the above date, in the Southern District of Ohio, **Armando Olvera-RAMIREZ**, an alien, after having been previously removed from the United States, did knowingly and unlawfully enter and was found in Cambridge, Ohio without obtaining the express consent of either the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States, in violation of 8 U.S.C. § 1326(a).

_____
Bianca Ragone
Special Agent
Homeland Security Investigations

Sworn to via telephone on this 27th day of October 2025 after submission of the Affidavit by reliable electronic means pursuant to Fed. R. Crim. P. 3, 4(d), and 4.1



Elizabeth A. Preston Deavers
United States Magistrate Judge